COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JOHN C. MAGRUDER

v.          Record No. 2196-94-2          MEMORANDUM OPINION*
                                           PER CURIAM
VIRGINIA DEPARTMENT OF FORESTRY/          MAY 23, 1995
 COMMONWEALTH OF VIRGINIA


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Scot A. Katona; Dillard and Katona, on brief), for
     appellant.

        (James S. Gilmore, III, Attorney General; Catherine C.
        Hammond, Deputy Attorney General; Gregory E. Lucyk,
     Senior Assistant Attorney General; Rita M. Sampson,
     Assistant Attorney General, on brief), for appellee.


     John C. Magruder (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove that he sustained a compensable injury by

accident arising out of and in the course of his employment on

January 11, 1994.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore. Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry his burden of proving an 'injury by accident,' a

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious and sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found that the evidence did not prove an identifiable incident or sudden precipitating event, but rather more closely demonstrated that claimant's back injury resulted from the cumulative exertion of ascending and descending hills in the forest on January 11, 1994.

Claimant, a forester, testified that on January 11, 1994, he was required to inspect various areas of the forest for water quality. Upon reaching the top of a very steep hill on the Ellis Tract, he experienced a "definite tightening" in his left leg. He thought he might have pulled a muscle. However, he could not point to any specific incident that occurred at a particular time while climbing the hill, or at any other time during the day, which caused a sudden onset of pain. Rather, he attributed his injury to the activity of climbing the hill, because he had no pain before he started to climb. During his testimony, claimant stated that he placed his hand on a log to catch his balance during the climb up the Ellis Tract; however, he did not relate

2

this movement to any obvious sudden mechanical or structural change in his body. Moreover, the medical records do not corroborate claimant's testimony.

Based upon claimant's testimony and the lack of corroboration from the medical records of an identifiable incident occurring at a reasonably definite time on January 11, 1994, we cannot say as a matter of law that claimant's evidence sustained his burden of proving a compensable injury by accident.

For the reasons stated, we affirm the commission's decision.

Affirmed.